UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE MARINE CONTRACTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6346** |
| **INLAND SALVAGE, INC.** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Offshore Marine Contractors, Inc.'s Motion for Summary Judgment (Doc. #12) is **DENIED**.

BACKGROUND

This matter is before the court on a motion for summary judgment filed by plaintiff, Offshore Marine Contractors, Inc., in which it argues that it is entitled to summary judgment because it is undisputed that defendant, Inland Salvage, Inc., did not pay the charter hire due on two invoice, thereby breaching the charter agreement.

On July 6, 2012, Offshore Marine and Inland Salvage entered into a Master Time Charter Agreement ("Master Agreement") that was intended to govern Inland Salvage's future time charters of Offshore Marine's vessels. The precise terms of each individual time charter would then be negotiated, and also governed by Short Form Time Charter Agreements ("Short Form"). To that end, the Master Agreement provided, in pertinent part:

> **ARTICLE 1 - Contract Form and Duration**
>
> This Master Time Charter Agreement ("Master Agreement") shall control and govern each Short Form Time Charter Agreement ("Short Form", a blank copy of which is attached hereto as Exhibit "A") entered into between CHARTER [Inland Salvage] and OWNER [Offshore Marine] which Short Form incorporates this Master Agreement by reference. In case of conflict or inconsistency between this agreement and the Short Form, the latter shall prevail. Each party may cancel the Master Agreement upon the giving of thirty (30)

>days prior written notice to the other, provided, however, that any unexpired Short Form shall continue in effect subject to the terms and conditions hereof until expiration of the term specified in such Short Form.

The Master Agreement required Inland Salvage to pay Offshore Marine one and one-half percent interest per month on any unpaid balance if it failed to pay Offshore Marine's invoice within 30 days of its issuance. Further, Inland Salvage agreed to reimburse Offshore Marine's "costs and expenses of whatever kind or nature incurred in connection" with any actions to collect on unpaid invoices, "including but not limited to reasonable attorneys fees and all litigation costs, which in turn include, but are not limited to, taxable costs of court." The Master Agreement also included a choice of law and venue provision that specified the application of "the admiralty and maritime laws of the United States of America and the laws of the State of Louisiana," and Inland Salvage's consent to "both jurisdiction and venue in Louisiana State court and or the Federal District Courts in the Eastern and Middle districts of Louisiana."

On February 13, 2013, Inland Salvage time chartered the L/B LOUIE EYMARD from Offshore Marine for a salvage operation pursuant to a "Job Report." The Job Report specified the charter day rate, the hourly crew overtime rate, the daily communications charge, the daily substance charges for "man/meal/bunk", the crane overtime rate, and the daily overboard pump rate. It did not specifically reference the Master Agreement.

Offshore Marine sent three bi-weekly invoices to Inland Salvage for the six-week time charter that included the Daily Master's logs and the daily billing logs that document the vessel's movement, fuel, personnel onboard, and other matters related to the charter. Inland Salvage's representative on the vessel, Gary Griffin, and the vessel's master both signed the logs. Inland Salvage promptly paid the first invoice. Inland Salvage questioned some charges on the second

invoice, and Offshore Marine credited Inland Salvage's account. However, Inland Salvage has not paid the second or third invoices, which together total $358,525.07, in unpaid charter hire.

On November 6, 2013, Offshore Marine filed this action against Inland Salvage seeking to recover the unpaid charter hire, plus interests, and the attorneys' fees and costs incurred in the collection action. On February 4, 2014, this court entered a Scheduling Order establishing July 21, 2014, as the discovery cutoff date. On February 12, 2014, Offshore Marine filed this motion for summary judgment arguing that, by the terms of the Master Agreement and the Job Report, it is entitled to summary judgment awarding it the unpaid charter hire, pre-judgment interest, attorneys' fees and costs. Inland Salvage opposes the motion arguing that summary judgment is premature because the parties have not had the opportunity to engage in discovery. Further, Inland Salvage points out that there are genuine issues of material fact regarding the application of the Master Agreement because it is not specifically referred to in the Job Report, and the reasonableness of the charges on the unpaid invoices.

## ANALYSIS

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

In this case, summary judgment is premature because the parties have not yet engaged in discovery and there are outstanding issues of material fact regarding the applicability of the Master Agreement and the reasonableness of the charges in the unpaid charter hire invoices.  Therefore, Offshore Marine's motion for summary judgment is DENIED.  Offshore Marine may reassert the motion after discovery is complete.

## CONCLUSION

**IT IS HEREBY ORDERED** that Offshore Marine Contractors, Inc.'s Motion for Summary Judgment (Doc. #12) is **DENIED**.

New Orleans, Louisiana, this  15th  day of May, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**